Mike Mercure v. Commissioner.
Mercure v. Commissioner
Docket No. 320-67.
United States Tax Court
T.C. Memo 1970-166; 1970 Tax Ct. Memo LEXIS 197; 29 T.C.M. (CCH) 740; T.C.M. (RIA) 70166; June 22, 1970, Filed *197 James C. Herndon and Jack H. Cohen, 680 E. Market St., Akron, Ohio, for the petitioner. John P. Graham, Larry L. Nameroff, and Aleksandrs V. Laurins, for the respondent. TANNENWALD
Supplemental Memorandum Opinion TANNENWALD, Judge: In our prior Memorandum Opinion, dated September 30, 1969, T.C. Memo. 1969-206, we noted that there existed a possibility of discrepancies between the parties with respect to certain items on the net worth statements which were the subject of extensive stipulations in conjunction with this proceeding. The parties have resolved all issues except for the proper amount of an item of loans receivable for the years ended December 31, 1947 and December 31, 1948. The item in question was captioned "Loans Receivable" on the net worth statement accompanying the statutory notice of deficiency and was listed as an asset in the amounts of $14,000.00, $29,163.46, and $27,058.42 for the years 1947, 1948, and 1949, respectively. Petitioner maintains that these amounts included, for the years 1947 and 1948, a $14,000 loan receivable from Mercure Trucking. Subsequently, the parties entered into a series of stipulations with respect to loans *198 receivable which show totals of $6,900 for 1947 and $16,700 for 1948, which amounts did not include any portion of the $14,000 loan due from Mercure Trucking. Respondent, in preparing the Rule 50 computation, utilized only the stipulated amounts of $6,900 and $16,700 for loans receivable in 1947 and 1948. He asserts that, since the case was tried on the basis that all issues, except the amount of the cash hoard, were represented by the parties as having been settled, the stipulated amounts are conclusive. Petitioner contends that the stipulation was not intended to be in lieu of loans receivable on the net worth statement attached to the statutory notice which were not otherwise the subject of the stipulation. Consequently, petitioner contends that the proper totals of loans receivable are $20,900 and $30,700 for the years 1947 and 1948, which has the effect of reducing petitioner's tax liability for the year 1949, since the parties are in agreement as to the $27,058.42 of loans receivable for the latter year. At the outset, we note that, on the eve of trial, the parties had not succeeded in disposing of a large number of items. It was only after the intervention of the Court and *199 extensive last minute pre-trial conferences that numerous further stipulations of fact were agreed to by the parties. In light of the large number of items involved, the complex nature of the available evidence, and the time pressures which were at work, we are not disposed either to hold the stipulation at to loans receivable 741 conclusive, as the respondent argues, or the net worth statement, attached to the statutory notice, determinative, as petitioner contends. Rather, we have decided to make our own independent judgment as to what the record, murky as it is, reveals. In this connection, we note that, at the hearing on the Rule 50 computation, we granted petitioner a period of 30 days within which to move to reopen the record and submit further evidence and that petitioner has elected not to take advantage of this opportunity. For the purposes of this case, respondent has attributed the assets of Henrietta Burt to Mike Mercure, and petitioner no longer contends that this is inappropriate. The ledger of Mercure Trucking reflects, under account 152-A, loans from Henrietta Burt during 1946 and 1947, which were outstanding in the amount of $14,000 at the end of 1947. Such being *200 the case, we conclude that the $14,000 which is the subject of the present dispute should be dealt with as representing an indebtedness of Mercure Trucking to Henrietta Burt. Paragraph 149 of the stipulation states: Petitioner Mike Mercure is entitled to an adjustment in the form of a deduction from increase in net worth in 1949 in the amount of $7,000.00 with respect to nontaxable income from Henrietta Burt. There is, of course, no certainty on the basis of this record that the $14,000 item listed as a "Loan Receivable" from Mercure Trucking in the notice of deficiency and the subject of stipulation 149, "nontaxable income from Henrietta Burt," relate to the same items. On the other hand, we do not believe that we should simply assume that the $14,000 shown on the net worth statement attached to the statutory notice has an independent significance for purposes of the Rule 50 computation. Petitioner has not demonstrated that the subject of stipulation 149 and the $14,000 loan receivable for 1947 and 1948 on the net worth statements accompanying the notice of deficiency do not reflect the same series of transactions between Mercure Trucking and Henrietta Burt. Under this circumstance, *201 petitioner might well receive an unjustified reduction in income for the year 1949 if we allow this to be treated as a $14,000 item for 1947 and 1948 but a $7,000 item in 1949, as required by the stipulation. On the other hand, we are not convinced that stipulation 149 was intended completely to remove the $14,000 loan receivable from the net worth statements for 1947 and 1948. On the basis of such facts as the record as a whole reveals, we determine that $7,000 should be added to the loans receivable shown on respondent's Rule 50 computation for the years 1947 and 1948, making total loans receivable for those years of $13,900 and $23,700, respectively. An appropriate computation shall be submitted in accordance with this opinion and our prior opinion.